JOHN B. SULLIVAN (State Bar No. 96742)
jbs@severson.com
REGINA J. McCLENDON (State Bar No. 184669)
rjm@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA  94111
Telephone:  (415) 398-3344
Facsimile:  (415) 956-0439

Attorneys for Defendants
CITIFINANCIAL RETAIL SERVICES and
CITIBANK USA, NATIONAL ASSOCIATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH E. SMITH,<br><br>         Plaintiff,<br><br>    vs.<br><br>CITIFINANCIAL, CITIBANK USA, N.A., TRANS UNION, L.L.C., EQUIFAX INFORMATION SERVICES, L.L.C., and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>         Defendants. | Case No. C 06 2966 CW<br><br>**INTERIM PROTECTIVE ORDER GOVERNING ASSERTIONS OF CONFIDENTIALITY AND TRADE SECRET STATUS** |

This matter has come before the Court on the stipulation of the parties.  It appears that the parties anticipate discovery and production of documents which may be the proper subject of a protective order under FRCP 26(c), and that each of the parties will likely seek such protection for information to be produced in discovery.  In order to assist in the timely completion of discovery without undue delay or unnecessary motion practice, the Court enters this Interim Protective Order Governing Assertions of Confidentiality and Trade Secret Status, which shall remain valid for 30 days from the date of this Order.  At or before the expiration of the 30-day period, any party may move for entry of a further protective order, or the parties are free to stipulate to extend this Order.

Designation of Confidentiality.

A party responding to requests for production or interrogatories may – acting in good faith – designate the responsive information to that discovery as "CONFIDENTIAL" (hereafter referred to as "information designated as confidential").  That party shall make the designation by producing the information and affixing a stamp conspicuously designating the information as "CONFIDENTIAL." The inexcusable failure to designate the information as "CONFIDENTIAL" waives any such designation and the material in question is no longer subject to the protection in this Order.

Protection of Information Designated as Confidential.

Any *information designated as confidential* shall be protected as confidential under the terms of this Order until such time as 1) the Court rules on the designation pursuant to a motion by designating party, 2) the designating party waives its assertion of confidentiality expressly in writing, or by failure to file a timely motion for a protective order.  At that time, the materials cease to be subject to the protections of this order and the information may be used in any fashion consistent with other materials obtained through discovery.

Any information which is protected as confidential may only be used in this litigation against the party producing the *information designated as confidential*.  This information may only be disclosed to

- Other attorneys appearing in this case.
- Staff, office personnel, consulting attorneys, experts, and consulting experts associated with the attorneys appearing in this case.
- Witnesses.
- Deponents.
- The Court and its personnel.
- Court reporters engaged to transcribe the proceedings or discovery in this case.

Each person – excepting the Court and its personnel – who receives material subject to the protections of this order shall be given a copy of this order prior to receiving the materials and execute a copy of the acknowledgment attached Exhibit A to this order.  No person apart from counsel for the parties to this matter may be provided with any material designated as "CONFIDENTIAL" unless that person has executed that acknowledgment.

<u>Objections to the Designation of Confidentiality</u>.

Within 14 days of receiving information designated as confidential, the receiving party must either object to the designation, or else waive any objection to the designation.  A party who objects in good faith to the designation shall, within that 14 day period, serve objections to the designation and request in writing a conference to resolve the conflict.  The party asserting the objection is responsible for making good faith efforts to arrange that conference.  If the parties cannot resolve the objections to the designation, the party asserting the designation of confidentiality shall move, within 14 days of the conclusion of the conference(s) to resolve the issue, for a protective order under Rule 26(c), showing good cause, specific harm arising from the disclosure, and setting forth reasonable restrictions which it requests on the discovery sought.  The failure to move for a protective order within that 14 day period waives the designation.

<u>Use of Confidential Materials in Dispositive Motions and At Trial</u>

If any *information protected as confidential* is submitted in connection with a dispositive motion or at trial pursuant to this Order, the information ceases to be protected as confidential as set forth above, unless the party moves to seal the Court's record and proceedings and continue the protections of this order.

A party who intends to use any information which is protected as confidential in connection with a dispositive motion or response to a dispositive motion must provide notice of that intent 7 days before submitting any such information to the Court, and identify, as much as

- 3 -

**1** reasonably possible, the specific information which that party intends to submit.  A party

**2** receiving such notice may within that 7 days request that the party submitting the documents do

**3** so under seal.  The failure to provide that notice by a party seeking to use information waives the

**4**

**5** right to use such information in connection with a dispositive motion and any portions of any

**6** court document which contain such information may be stricken.  The party intending to file

**7** confidential documents, upon receiving the request by the designating party, shall file the

**8** confidential documents under seal.

**9**      A party who intends to use any information which is designated as confidential in

**10** connection with a trial must identify the document in the joint final pretrial order, along with a

**11** separate list of the information which is protected as confidential which that party will seek to

**12**

**13** submit.  A party receiving such a list may within that 7 days request that the party submitting the

**14** documents do so under seal.

**15**      At the conclusion of the litigation, upon demand by a designating party, the receiving

**16** party shall return all confidential documents, together with all copies made, to the designating

**17** party.

**18** / / /

**19** / / /

**20** / / /

**21** / / /

**22** / / /

**23** / / /

**24** / / /

**25** / / /

**26**

**27**

**28**

- 4 -

11300/0022/597565.1

CASE C 06 2966 CW
INTERIM PROTECTIVE ORDER

The Court will retain jurisdiction over the parties for purposes of enforcement or modification of this order.

SO ORDERED this 2nd day of October, 2006. **But see L.R. 79-5.**

_____
Hon. Claudia Wilken,
United States District Court Judge

Stipulated To By:

| Kemnitzer, Anderson, Barron & Ogilvie | Severson & Werson |
|---|---|
| By: _____<br>Andrew J. Ogilvie<br>Attorneys for Plaintiff<br>Kenneth Smith | By: _____<br>Regina McClendon<br>Attorneys for Defendant<br>CitiFinancial Retail Services, a division of Citicorp Trust Bank, fsb, and Citibank USA, National Association |
| Jones Day | Kilpatrick Stockton LLP |
| By: _____<br>Brian J. Recor<br>Attorneys for Defendant<br>Experian Information Solutions, Inc. | By: _____<br>Amy Greenstein<br>Attorneys for Defendant<br>Equifax Information Services, L.L.C. |
| Musick, Peeler & Garrett LLP | |
| By: _____<br>Donald E. Bradley<br>Attorneys for Defendant<br>Trans Union LLC | |

11300/0022/597565.1

CASE C 06 2966 CW
INTERIM PROTECTIVE ORDER

**Exhibit A to Proposed Interim Protective Order**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH E. SMITH,            ) | Case No. C 06 2966 CW |
| ) | |
| Plaintiff,            ) | ACKNOWLEDGMENT OF RECEIPT OF |
| ) | INTERIM PROTECTIVE ORDER |
| vs.            ) | GOVERNING ASSERTIONS OF |
| ) | CONFIDENTIALITY AND TRADE |
| CITIFINANCIAL, CITIBANK USA, N.A.,            ) | SECRET STATUS |
| TRANS UNION, L.L.C., EQUIFAX            ) | |
| INFORMATION SERVICES, L.L.C., and            ) | |
| EXPERIAN INFORMATION SOLUTIONS, INC.,) | |
| ) | |
| Defendants.            ) | |
| ) | |

I acknowledge that I have read and that I understand the Interim Protective Order Governing Assertions of Confidentiality and Trade Secret Status entered in this action and agree to abide by its terms and conditions.  As a condition to access by me to documents designated by the parties to this action as "CONFIDENTIAL," I agree to submit to the jurisdiction of the United States District Court for Northern District of California in connection with any alleged breach by me of the Interim Protective Order Governing Assertions of Confidentiality and Trade Secret Status.  I also understand that any violation of the Amended Protective Order by me or any one under my control may subject me to penalties for contempt of court.

Dated: _____, 2006

_____
Printed name and address below signature