JOHN B. SULLIVAN (State Bar No. 96742)
jbs@severson.com
REGINA J. McCLENDON (State Bar No. 184669)
rjm@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA  94111
Telephone:  (415) 398-3344
Facsimile:  (415) 956-0439

Attorneys for Defendants
CITIFINANCIAL RETAIL SERVICES and
CITIBANK USA, NATIONAL ASSOCIATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH E. SMITH,<br><br>        Plaintiff,<br><br>    vs.<br><br>CITIFINANCIAL; CITIBANK USA, NA; TRANS UNION, LLC, EQUIFAX INFORMATION SERVICES, LLC and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>        Defendants. | Case No.:  4:06-cv-02966-CW<br><br>**STIPULATION RE CONFIDENTIALITY AND PROTECTIVE ORDER WITH RESPECT TO PRODUCTION OF DOCUMENTS AND THINGS** |

    1.    <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal;

1  Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards
2  that will be applied when a party seeks permission from the court to file material under seal.
3      2.    <u>DEFINITIONS</u>
4      2.1    <u>Party</u>:  any party to this action, including all of its officers, directors, employees,
5  consultants, retained experts, and outside counsel (and their support staff).
6      2.2    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the
7  medium or manner generated, stored, or maintained (including, among other things, testimony,
8  transcripts, or tangible things) that are produced or generated in disclosures or responses to
9  discovery in this matter.
10      2.3    <u>"Confidential" Information or Items</u>:  information (regardless of how generated,
11  stored or maintained) or tangible things that qualify for protection under standards developed
12  under F.R.Civ.P. 26(c).
13      2.4    <u>"Highly Confidential - Attorneys' Eyes Only" Information or Items</u>:  extremely
14  sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty
15  would create a substantial risk of serious injury that could not be avoided by less restrictive
16  means.
17      2.5    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a
18  Producing Party.
19      2.6    <u>Producing Party</u>:  a Party or non party that produces Disclosure or Discovery
20  Material in this action.
21      2.7    <u>Designating Party</u>:  a Party or non party that designates information or items that it
22  produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential -
23  Attorneys' Eyes Only."
24      2.8    <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as
25  "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."
26      2.9.    <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who are retained
27  to represent or advise a Party in this action.
28      2.10    <u>House Counsel</u>:  attorneys who are employees of a Party.

- 2 -

2.11   Counsel (without qualifier):  Outside Counsel and House Counsel (as well as their support staffs).

2.12   Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.   DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection.  Each Party or non party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify   so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

1   Mass, indiscriminate, or routinized designations are prohibited.  Designations that are
2  shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to
3  unnecessarily encumber or retard the case development process, or to impose unnecessary
4  expenses and burdens on other parties), expose the Designating Party to sanctions.

5   If it comes to a Party's or a non party's attention that information or items that it
6  designated for protection do not qualify for protection at all, or do not qualify for the level of
7  protection initially asserted, that Party or non party must promptly notify all other parties that it is
8  withdrawing the mistaken designation.

9   5.2   Manner and Timing of Designations.   Except as otherwise provided in this Order
10  (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,
11  material that qualifies for protection under this Order must be clearly so designated before the
12  material is disclosed or produced.

13   Designation in conformity with this Order requires:

14   (a)   for information in documentary form (apart from transcripts of depositions
15  or other pretrial or trial proceedings), that the Producing Party affix the legend
16  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" at the top
17  of each page that contains protected material.  If only a portion or portions of the material on a
18  page qualifies for protection, the Producing Party also must clearly identify the protected
19  portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each
20  portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY
21  CONFIDENTIAL - ATTORNEYS' EYES ONLY").

22   A Party or non party that makes original documents or materials available for
23  inspection need not designate them for protection until after the inspecting Party has indicated
24  which material it would like copied and produced.  During the inspection and before the
25  designation, all of the material made available for 'inspection shall be deemed "HIGHLY
26  CONFIDENTIAL - ATTORNEYS' EYES ONLY." After the inspecting Party has identified the
27  documents it wants copied and produced, the Producing Party must determine which documents,
28  or portions thereof, qualify for protection under this Order, then, before producing the specified

documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY").

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY").  Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3     Judicial Intervention.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets

1  forth with specificity the justification for the confidentiality designation that was given by the
2  Designating Party in the meet and confer dialogue.
3      The burden of persuasion in any such challenge proceeding shall be on the Designating
4  Party.  Until the court rules on the challenge, all parties shall continue to afford the material in
5  question the level of protection to which it is entitled under the Producing Party's designation.
6      7.    ACCESS TO AND USE OF PROTECTED MATERIAL
7      7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed
8  or produced by another Party or by a non party in connection with this case only for prosecuting,
9  defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only
10 to the categories of persons and under the conditions described in this Order.  When the litigation
11 has been terminated, a Receiving Party must comply with the provisions of section 11, below
12 (FINAL DISPOSITION).
13     Protected Material must be stored and maintained by a Receiving Party at a location and
14 in a secure manner that ensures that access is limited to the persons authorized under this Order.
15     7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise
16 ordered by the court or permitted in writing by the Designating Party, a Receiving Party may
17 disclose any information or item designated CONFIDENTIAL only to:
18     (a)    the Receiving Party's Outside Counsel of record in this action, as well as
19 employees of said Counsel to whom it is reasonably necessary to disclose the information for this
20 litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached
21 hereto as Exhibit A;
22     (b)    the officers, directors, and employees (including House Counsel) of the
23 Receiving Party to whom disclosure is reasonably necessary for this litigation and who have
24 signed the "Agreement to Be Bound by Protective Order" (Exhibit A);
25     (c)    experts (as defined in this Order) of the Receiving Party to whom
26 disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be
27 Bound by Protective Order" (Exhibit A);
28     (d)    the Court and its personnel;

      (e)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

      (f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

      (g)    the author of the document or the original source of the information.

7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"</u> Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

      (a)    the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

      (b)    Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

      (c)    the Court and its personnel;

      (d)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

      (e)    the author of the document or the original source of the information.

1    8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN
2          OTHER LITIGATION.

3    If a Receiving Party is served with a subpoena or an order issued in other litigation that
4 would compel disclosure of any information or items designated in this action as
5 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," the
6 Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately
7 and in no event more than three court days after receiving the subpoena or order.  Such
8 notification must include a copy of the subpoena or court order.

9    The Receiving Party also must immediately inform in writing the Party who caused the
10 subpoena or order to issue in the other litigation that some or all the material covered by the
11 subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must
12 deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that
13 caused the subpoena or order to issue.

14    The purpose of imposing these duties is to alert the interested parties to the existence of
15 this Protective Order and to afford the Designating Party in this case an opportunity to try to
16 protect its confidentiality interests in the court from which the subpoena or order issued.  The
17 Designating Party shall bear the burdens and the expenses of seeking protection in that court of its
18 confidential material and nothing in these provisions should be construed as authorizing or
19 encouraging a Receiving Party in this action to disobey a lawful directive from another court.

20    9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

21    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected
22 Material to any person or in any circumstance not authorized under this Stipulated Protective
23 Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the
24 unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c)
25 inform the person or persons to whom unauthorized disclosures were made of all the terms of this
26 Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to
27 Be Bound" that is attached hereto as Exhibit A.

28

1    10.    FILING PROTECTED MATERIAL.

2    Without written permission from the Designating Party or a court order secured after
3    appropriate notice to all interested persons, a Party may not file in the public record in this action
4    any Protected Material. A Party that seeks to file under seal any Protected Material must comply
5    with Civil Local Rule 79-5.

6    11.    FINAL DISPOSITION.

7    Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days
8    after the final termination of this action, each Receiving Party must return all Protected Material
9    to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies,
10   abstracts, compilations, summaries or any other form of reproducing or capturing any of the
11   Protected Material. With permission in writing from the Designating Party, the Receiving Party
12   may destroy some or all of the Protected Material instead of returning it. Whether the Protected
13   Material is returned or destroyed, the Receiving Party must submit a written certification to the
14   Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day
15   deadline that identifies (by category, where appropriate) all the Protected Material that was
16   returned or destroyed and that affirms that the Receiving Party has not retained any copies,
17   abstracts, compilations, summaries or other forms of reproducing or capturing any of the
18   Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival
19   copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney
20   work product, even if such materials contain Protected Material. Any such archival copies that
21   contain or constitute Protected Material remain subject to this Protective Order as set forth in
22   Section 4 (DURATION), above.

23   12.    MISCELLANEOUS

24   12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to
25   seek its modification by the Court in the future.

26   12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective
27   Order no Party waives any right it otherwise would have to object to disclosing or producing any
28   information or item on any ground not addressed in this Stipulated Protective Order. Similarly,

1 | no Party waives any right to object on any ground to use in evidence of any of the material
2 | covered by this Protective Order.
3 |     IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.
4 |     SO STIPULATED.

DATED: January 31, 2007                    SEVERSON & WERSON
                                           A Professional Corporation


                                           By:
                                                   /s/ Regina J. McClendon

                                           Attorneys for Defendants
                                           CITIFINANCIAL RETAIL SERVICES and
                                           CITIBANK USA, NATIONAL ASSOCIATION


DATED: February 5, 2007                    KEMNITZER, ANDERSON, BARRON &
                                           OGILVIE


                                           By:
                                                   /s/ Andrew Ogilvie

                                           Attorneys for Plaintiff
                                           KENNETH E. SMITH


IT IS SO ORDERED.

Dated:  2/8/07
       _____          _____
                                      United States District Court Judge

- 11 -

11300/0022/613923.1

Case No.: 4:06-cv-02966-CW

STIPULATION RE CONFIDENTIALITY AND
PROTECTIVE ORDER

**EXHIBIT A**

**NONDISCLOSURE AGREEMENT**

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulation Re:  Protective Order With Respect to Production of Documents and Things agreed upon by the Parties [and the Order, if approved] in *Kenneth E. Smith v. CitiFinancial, et al.,* United States District Court, Northern District of California Case No. 4:06-cv-02966-CW, and hereby agree to comply with and be bound by the terms and conditions of such Stipulation [and Order, if entered] unless and until modified by further Order of this Court.  I hereby consent to the jurisdiction of said Court for purposes of enforcing this Stipulation [and Order, if entered].

Dated:  _____

_____
Signature

_____
Printed Name