1

2

3

4

5

6

7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11   KENNETH E. SMITH,            )
                                  )
12           Plaintiff(s),        )      No. C06-2966 BZ
                                  )
13       v.                       )      **ORDER SCHEDULING**
                                  )      **JURY TRIAL AND**
14   CITIFINANCIAL RETAIL         )      **PRETRIAL MATTERS**
     SERVICES and CITIBANK (SOUTH )
15   DAKOTA), N.A.,               )
                                  )
16           Defendant(s).        )
                                  )
17   _____)

18       Following the telephonic conference at which all parties

19   were represented by counsel, **IT IS HEREBY ORDERED** that the

20   Status Conference scheduled to be held on February 26, 2007 is

21   **VACATED**.  It is further **ORDERED** as follows:

22   1.   <u>DATES</u>

23   Trial Date: **Monday, 9/10/2007, 5 days**

24   Pretrial Conference: **Tuesday, 8/28/2007, 3:00 p.m.**

25   Last Day to Hear Dispositive Motions: **Wednesday,8/01/2007**

26   Last Day for Expert Discovery: **Friday, 6/22/2007**

27   Last Day for Expert Disclosure: **Friday, 6/15/2007**

28   Close of Non-expert Discovery: **Friday, 6/8/2007**

2.   <u>DISCLOSURE AND DISCOVERY</u>

     The parties are reminded that a failure to voluntarily disclose information pursuant to Federal Rule of Civil Procedure 26(a) or to supplement disclosures or discovery responses pursuant to Rule 26(e) may result in exclusionary sanctions.  Thirty days prior to the close of non-expert discovery, lead counsel for each party shall serve and file a certification that all supplementation has been completed.

     In the event a discovery dispute arises, **lead counsel** for each party shall meet in person or, if counsel are outside the Bay Area, by telephone and make a good faith effort to resolve their dispute.  Exchanging letters or telephone messages about the dispute is insufficient.  The Court does not read subsequent positioning letters; parties shall instead make a contemporaneous record of their meeting using a tape recorder or a court reporter.

     In the event they cannot resolve their dispute, the parties must participate in a telephone conference with the Court **before** filing any discovery motions or other papers. The party seeking discovery shall request a conference in a letter served on all parties not exceeding two pages (with no attachments) which briefly explains the nature of the action and the issues in dispute.  Other parties shall reply in similar fashion within two days of receiving the letter requesting the conference.  The Court will contact the parties to schedule the conference.

3.   <u>MOTIONS</u>

     Consult Civil Local Rules 7-1 through 7-5 and this

1  Court's standing orders regarding motion practice.  Motions

2  for **summary judgment** shall be accompanied by a statement of

3  the material facts not in dispute supported by citations to

4  admissible evidence.  The parties shall file a joint statement

5  of undisputed facts where possible.  If the parties are unable

6  to reach complete agreement after meeting and conferring, they

7  shall file a joint statement of the undisputed facts about

8  which they do agree.  Any party may then file a separate

9  statement of the additional facts that the party contends are

10  undisputed.  A party who without substantial justification

11  contends that a fact is in dispute is subject to sanctions.

12      A Chambers copy of all briefs shall be submitted on a

13  diskette formatted in WordPerfect 6.1, 8, 9 or 10 (Windows) or

14  WordPerfect 5.1 (DOS).

15  4.   <u>SETTLEMENT</u>

16      This case has been referred for assignment to a

17  Magistrate Judge to conduct a settlement conference in May or

18  June 2007.  Counsel will be contacted by that judge's chambers

19  with a date and time for the conference.

20  5.  <u>PRETRIAL CONFERENCE</u>

21      Not less than thirty days prior to the date of the

22  pretrial conference, the parties shall meet and take all steps

23  necessary to fulfill the requirements of this Order.

24      Not less than twenty days prior to the pretrial

25  conference, the parties shall: (1) serve and file a joint

26  pretrial statement, containing the information listed in

27  **Attachment 1**, and a proposed pretrial order; (2) serve and

28  file trial briefs, <u>Daubert</u> motions, motions <u>in limine</u>,

1   proposed findings of fact and conclusions of law, and
2   statements designating excerpts from discovery that will be
3   offered at trial (specifying the witness and page and line
4   references); (3) exchange exhibits, agree on and number a
5   joint set of exhibits and number separately those exhibits to
6   which the parties cannot agree; (4) deliver all marked trial
7   exhibits directly to the courtroom clerk, Ms. Scott; (5)
8   deliver one <u>extra</u> set of all marked exhibits directly to
9   Chambers; and (6) submit all exhibits in three-ring binders.
10  Each exhibit shall  be marked with an exhibit label as
11  contained in **Attachment 2**.  The exhibits shall also be
12  separated with correctly marked side tabs so that they are
13  easy to find.
14       No party shall be permitted to call any witness or offer
15  any exhibit in its case in chief that is not disclosed at
16  pretrial, without leave of Court and for good cause.
17       Lead trial counsel for each party shall meet and confer
18  in an effort to resolve all disputes regarding anticipated
19  testimony, witnesses and exhibits.  All <u>Daubert</u> motions,
20  motions <u>in</u> <u>limine</u>, and objections will be heard at the
21  pretrial conference.  Not less than ten days prior to the
22  pretrial conference, the parties shall serve and file any
23  objections to witnesses or exhibits or to the qualifications
24  of an expert witness.  <u>Daubert</u> motions and motion <u>in</u> <u>limine</u>
25  shall be filed and served not less than twenty days prior to
26  the conference.  Oppositions shall be filed and served not
27  less than ten days prior to the conference.  There shall be no
28  replies.

1    Not less than twenty days prior to the pretrial
2  conference the parties shall serve and file requested voir
3  dire questions, jury instructions, and forms of verdict.  The
4  following jury instructions from the *Manual of Model Civil*
5  *Jury Instructions for the Ninth Circuit* (1997 ed.) will be
6  given absent objection: 1.1-1.12, 2.1-2.2, 3.1-3.3, 3.5-3.8,
7  4.1-4.3.  Do not submit a copy of these instructions.  Counsel
8  shall submit a joint set of case specific instructions.  Any
9  instructions on which the parties cannot agree may be
10  submitted separately.  The Ninth Circuit Manual should be used
11  where possible.  Each requested instruction shall be typed in
12  full on a separate page with citations to the authority upon
13  which it is based.  Proposed jury instructions taken from the
14  Ninth Circuit Manual need only contain a citation to that
15  source.  Any modifications made to proposed instructions taken
16  from a manual of model instructions must be clearly indicated.
17  In addition, all proposed jury instructions should conform to
18  the format of the Example Jury Instruction attached to this
19  Order.  Not less than ten days prior to the pretrial
20  conference, the parties shall serve and file any objections to
21  separately proposed jury instructions.
22    Jury instructions that the Court has given in prior cases
23  may be downloaded from the Northern District website at
24  **http:\\www.cand.uscourts.gov**.  (Instructions are located on
25  the "Judge Information" page for Magistrate Judge Zimmerman.)
26  The Court will generally give the same instructions in cases
27  involving similar claims unless a party establishes, with
28  supporting authorities, that the instruction is no longer

5

1   correct or that a different instruction should be given.  CACI

2   instructions generally will be given instead of BAJI

3   instructions.

4        All proposed jury instructions, <u>Daubert</u> motions, motions

5   <u>in limine</u>, forms of verdict and trial briefs shall be

6   accompanied by a floppy diskette containing a copy of the

7   document formatted in WordPerfect 6.1, 8, 9 or 10 (Windows) or

8   WordPerfect 5.1 (DOS).

9        At the time of filing the original with the Clerk's

10  Office, two copies of all documents (but only one copy of the

11  exhibits) shall be delivered directly to Chambers (Room 15-

12  6688).  Chambers' copies of all pretrial documents shall be

13  three-hole punched at the side, suitable for insertion into

14  standard, three-ring binders.

15  Dated: February 20, 2007

16

17  _____

18            Bernard Zimmerman
        United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28

# EXAMPLE PROPOSED JURY INSTRUCTION
## For Chambers of Magistrate Judge Zimmerman

A proposed jury instruction should contain the following elements in the following order: (1) the name of the party submitting the instruction; (2) the title of the instruction; (3) the text of the instruction; (4) the authority for the instruction; (5) blank boxes for the Court to note whether it gives the instruction, refuses to give it, or gives it as modified.  The following proposed instruction contains these elements.

_____

_____'s Proposed Instruction No. _____.
(Party)

[Title]

[Text]

[Authority]

_____ GIVEN     _____ REFUSED     _____ GIVEN AS MODIFIED

1

<u>**ATTACHMENT 1**</u>

2

3      The parties shall file a joint pretrial conference
statement containing the following information:

4      (1) **The Action.**

5           (A)  Substance of the Action. A brief
                description of the substance of
6                claims and defenses which remain
                to be decided.

7

8           (B)  Relief Prayed. A detailed
                statement of each party's
9                position on the relief claimed,
                particularly itemizing all
10               elements of damages claimed as
                well as witnesses, documents or
11               other evidentiary material to be
                presented concerning the amount
12               of those damages.

13      (2) **The Factual Basis of the Action.**

14          (A)  Undisputed Facts. A plain and
                concise statement of all
15               relevant facts not reasonably
                disputable, as well as which
16               facts parties will stipulate for
                incorporation into the trial
17               record without the necessity of
                supporting testimony or
18               exhibits.

19          (B)  Disputed Factual Issues. A plain
                and concise statement of all
20               disputed factual issues which
                remain to be decided.

21          (C)  Agreed Statement. A statement
                assessing whether all or part of
22               the action may be presented upon
                an agreed statement of facts.

23

24          (D)  Stipulations. A statement of
                stipulations requested or
25               proposed for pretrial or trial
                purposes.

26      (3) **Trial Preparation.**

27      A brief description of the efforts the parties have made
to resolve disputes over anticipated testimony, exhibits and
28  witnesses.

      (A)   Witnesses to be Called. In lieu of FRCP 26(a)(3)(A), a list of all witnesses likely to be called at trial, other than solely for impeachment or rebuttal, together with a brief statement following each name describing the substance of the testimony to be given.

      (B)   Estimate of Trial Time. An estimate of the number of court days needed for the presentation of each party's case, indicating possible reductions in time through proposed stipulations, agreed statements of facts, or expedited means of presenting testimony and exhibits.

      (C)   Use of Discovery Responses. In lieu of FRCP 26(a)(3)(B), cite possible presentation at trial of evidence, other than solely for impeachment or rebuttal, through use of excerpts from depositions, from interrogatory answers, or from responses to requests for admission.  Counsel shall state any objections to use of these materials and that counsel has conferred respecting such objections.

      (D)   Further Discovery or Motions. A statement of all remaining motions, including motions in limine.

  (4) **Trial Alternatives and Options.**

      (A)   Settlement Discussion. A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

      (B)   Amendments, Dismissals. A statement of requested or proposed amendments to pleadings or dismissals of parties, claims or defenses.

      (C)   Bifurcation, Separate Trial of Issues. A statement of whether

1          bifurcation or a separate trial
           of specific issues is feasible
2          and desired.

3      (5) **Miscellaneous.**

4      Any other subjects relevant to the trial of the action,
or material to its just, speedy and inexpensive determination.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ATTACHMENT 2

1

**USDC**
Case No. CV06-02966 BZ
**JOINT** Exhibit No._____
Date Entered _____

Signature _____

**USDC**
Case No. CV06-02966 BZ
**JOINT** Exhibit No. _____
Date Entered _____

Signature _____

---

**USDC**
Case No. CV06-02966 BZ
**JOINT** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No.  CV06-02966 BZ
**JOINT** Exhibit No. _____
Date Entered _____

Signature _____

---

**USDC**
Case No.  CV06-02966 BZ
**PLNTF** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV06-02966 BZ
**PLNTF** Exhibit No. _____
Date Entered _____

Signature _____

---

**USDC**
Case No. CV06-02966 BZ
**PLNTF** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV06-02966 BZ
**PLNTF** Exhibit No. _____
Date Entered _____

Signature _____

---

**USDC**
Case No. CV06-02966 BZ
**DEFT** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV06-02966 BZ
**DEFT** Exhibit No. _____
Date Entered _____

Signature _____

---

**USDC**
Case No. CV06-02966 BZ
**DEFT** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV06-02966 BZ
**DEFT** Exhibit No. _____
Date Entered _____

Signature _____

---