Andrew J. Ogilvie (SBN 57932)
Kemnitzer, Anderson, Barron & Ogilvie LLP
445 Bush Street, 6th Floor
San Francisco, CA 94108
Ph: (415) 861-2265
Fax: (415) 861-3151
ajogil@kabolaw.com

Attorneys for Plaintiff Kenneth E. Smith

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KENNETH E. SMITH**,<br><br>    Plaintiff,<br><br>    v.<br><br>**CITIFINANCIAL RETAIL SERVICES, et al.**,<br><br>    Defendants. | Case No. 3:06-cv-02966 BZ<br><br>STIPULATION AND [~~PROPOSED~~] ORDER AMENDING PROTECTIVE ORDER |

Plaintiff, Kenneth E. Smith, and defendants CitiFinancial Retail Services and Citibank (South Dakota) National Association, through their respective counsel, stipulate to the entry of an order adding the attached Addendum to Protective Order to the existing protective order in this case. (Dkt. # 48.)

Dated: February 13, 2007    KEMNITZER, ANDERSON, BARRON & OGILVIE LLP

/s/    Andrew J. Ogilvie
Attorney for Plaintiff Kenneth E. Smith

*Smith v. CitiFinancial Retail Services, et al.* Case no. 3:06-cv-02966 BZ
Stipulation and [Proposed] Order Amending the Protective Order                                    1

1 | Dated: February 13, 2007     Severson & Werson, A Professional Corporation

2

3             /s/     Regina J. McClendon
            Attorney for defendants CitiFinancial Retail Services and

4             Citibank (South Dakota) National Association

5      It is ORDERED that the Protective Order in this case is modified by the addition of the

6 attached Addendum to Protective Order.

7 Dated: February 26, 2007

8

9                  _____

10                  Bernard Zimmerman
                 Magistrate Judge, United S...

*IT IS SO ORDERED*
*Judge Bernard Zimmerman*
*UNITED STATES DISTRICT COURT — NORTHERN DISTRICT OF CALIFORNIA*

28 *Smith v. CitiFinancial Retail Services, et al.* Case no. 3:06-cv-02966 BZ
Stipulation and [Proposed] Order Amending the Protective Order          2

**Addendum to Protective Order**
(Case Name)
(Case No.)

IT IS FURTHER ORDERED as follows:

1. DESIGNATION OF DOCUMENTS

Before designating any specific information "Confidential" or "Confidential --Attorneys' Eyes Only," the designating party's counsel shall make a good faith determination that the information warrants such protection under Rule 26(c) of the Federal Rules of Civil Procedure. Counsel should note that not all confidential documents warrant the "Confidential --Attorneys' Eyes Only" level of protection. This heightened level of protection is appropriate only for the most highly sensitive documents; it is warranted only if "the potential injury is substantial and cannot be prevented through the use of any device less restrictive of a party's access to his lawyer." Doe v. Dist. of Columbia, 697 F.2d 1115, 1120 (D.C. Cir. 1983). Thus, the court expects the parties to use this designation sparingly. See, e.g., THK America v. NSK Co., Ltd., 157 F.R.D. 637 (N.D. Ill. 1993) (revoking party's right to use "attorneys' eyes only" designation as sanction for bad faith overuse of that designation).

A party may designate as "Confidential" or "Confidential -- Attorneys' Eyes Only" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without

restriction any information designated by that party or non-party as confidential, although a document may lose its confidential status if it is made public.

Counsel are cautioned that over-designation of documents may result in sanctions. The filing of documents designated "Confidential" or "Confidential --Attorneys' Eyes Only" puts an additional burden on the court. Often the party filing the document is not the designating party. In that situation the party does not have the option to unilaterally de-designate documents before submitting them to the court, and has no choice but to request they be filed under seal. Over-designating documents can thus result in unnecessary work for the court in sorting the documents that deserve sealing from those that do not, as well as additional work for the parties who must then re-file public versions of the non-confidential documents. The best way to avoid this result is for counsel to use best efforts to make appropriate designations at the outset, and to promptly de-designate a document when it comes to counsel's attention that the document is over-designated.

2. CHALLENGES TO CONFIDENTIALITY OF DESIGNATED MATERIAL

If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. The party or non-party who designated the material shall have twenty (20) days from the receipt of such written notice to apply to the Court for an order designating the material as

confidential.  The party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

Notwithstanding any challenge to the designation of material as "Confidential" or "Confidential --Attorneys' Eyes Only", all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs: (i) the party or non-party who claims that the material is confidential withdraws such designation in writing; (ii) the party or non-party who claims that the material is confidential fails to apply to the Court for an order designating the material confidential within the time period specified above after the receipt of a written challenge to such designation; or (iii) the Court rules the material is not confidential.

3. REQUESTS TO FILE DOCUMENTS UNDER SEAL

Any party wishing to file under seal any document(s) designated "Confidential" or "Confidential --Attorneys' Eyes Only" shall lodge the document(s) along with a Request for Sealing pursuant to Civil Local Rule 79-5.  The document(s) shall be submitted in an appropriate envelope labeled with the case name and number and the title of the document(s).  Any party claiming confidentiality for the information for which sealing is requested shall serve and file declaration(s) from competent witnesses setting forth specific facts demonstrating that sealing is warranted under Rule 26(c).  This shall be done at the time of lodging, or within five (5) days thereafter if the lodger is not

N:\Protord.add                             3

the proponent of confidentiality.  "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." <u>Phillips v. General Motors Corp.</u>, 2002 WL 972125 at *3 (9th Cir. May 13, 2002).  The parties are cautioned that "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." <u>Beckman Indus., Inc. v. Int'l Ins. Co.</u>, 966 F.2d 470, 476 (9th Cir.), <u>cert. denied</u>, 506 U.S. 868 (1992).  <u>See also Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.</u>, 178 F.3d 943, 945-46 (7th Cir. 1999), <u>cited with approval in</u> <u>San Jose Mercury News v. U.S. Dist. Court</u>, 187 F.3d 1096, 1103 (N.D. Cal. 1999).  The factual showing must address separately each portion of the materials that the party contends warrants protection. <u>See</u> Civil Local Rule 79-5 and commentary thereto.

4. CONFLICT

In the event of any conflict between this Addendum and the parties' stipulation, this Addendum controls.

Dated: January 30, 2002

_____
Bernard Zimmerman
United States Magistrate Judge

g:\bzall\forms\protord.add       4