UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH E. SMITH, ) | |
| ) Plaintiff(s), ) | No. C06-2966 BZ |
| ) v. ) | **ORDER GRANTING IN PART AND** |
| ) | **DENYING IN PART PLAINTIFF'S** |
| CITIFINANCIAL RETAIL ) SERVICES and CITIBANK (SOUTH) ) DAKOTA), N.A., ) | **MOTION FOR ATTORNEYS' FEES** |
| ) Defendant(s). ) ) | |

A victim of identity theft, plaintiff sued defendants for continuing to provide false information about his financial status after he had reported the problem to them. For reasons not completely clear to the court, what should have been a simple matter to resolve resulted in a bitterly contested year long litigation.[1] It was resolved when plaintiff accepted

---

[1] The underlying dispute arose out of an incident of identity theft, wherein an unauthorized person opened several credit accounts in plaintiff's name. After attempting for several years to have defendants remove the fraudulent account from his credit report, plaintiff brought suit against defendants, alleging violations of the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681 et seq., and California's Identity Theft Statute, Cal. Civ. Code § 1798.92 et seq. On

1

defendants' Rule 68 Offer of Judgment of $75,000 with costs and attorneys' fees to be determined by the court.  Plaintiff then moved for an award of $200,156.25 in attorneys' fees and $5,954.16 in costs.

In opposing plaintiff's motion, defendants argue: (1) that plaintiff's hourly rates are excessive, (2) that there should be a rate differential between Mr. Ogilvie and Ms. Brewer, (3) that the hours worked are excessive, (4) that much of the work should have been performed by an associate rather than a partner, (5) that travel time should have been billed at a reduced rate, (6) that billing for clerical tasks should be disallowed, and (7) that plaintiff should not receive a fee enhancement for those hours dedicated to work on the California Identity Theft claim.  Defendants did not oppose plaintiff's request for costs.

Because his FCRA action against defendants has been successful, plaintiff is entitled to recover "the costs of the action together with reasonable attorney's fees as determined by the court."  15 U.S.C. §§ 1681n(a)(3), 1681o(a)(2). Similarly, California's Identity Theft Statute provides that a successful plaintiff is entitled to recover "actual damages, attorney's fees, and costs."  Cal. Civ. Code § 1798.93(c)(5).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly

---

November 8, 2006, defendants made a settlement offer of $8,000.  Plaintiff rejected this offer and continued with discovery until he accepted defendants' Rule 68 Offer of Judgment.

2

rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  As the party seeking attorneys' fees, plaintiff bears the burden of submitting evidence to support the hours worked and rates claimed.  Id. at 433.

The starting point for determining a reasonable fee is the hourly rate counsel would have charged had the client been able to pay the attorney's usual rate.  Gusman v. Unisys Corp., 986 F.2d 1146, 1149-50 (7th Cir. 1993); Columbus Mills, Inc. v. Freeland, 918 F.2d 1575, 1580 (11th Cir. 1990) ("evidence of a fee structure arrived at by private parties negotiating at arms length is highly persuasive" evidence of prevailing market norms).  Although plaintiff's counsel claim that their current hourly rate is $525, they provide no evidence that they have actually charged or been paid at that rate.  While counsel have represented that they were awarded fees at a rate of $450 per hour in 2004, by Superior Courts in Santa Clara and Los Angeles Counties, they do not specify the type of case or the work they did.

Where, as here, it is difficult to ascertain counsel's usual rate, a court may look to the rate charged by attorneys of similar skill and experience for comparable legal services in the community.  See Blum v. Stenson, 465 U.S. 886, 893-94 (1984); see also Welch v. Metropolitan Life Ins. Co., 480 F.3d 942, 946 (9th Cir. 2007).  Plaintiff has provided some evidence that other courts in the Northern District of California have recently awarded rates similar to or higher than those now requested.  See Decl. of Richard Pearl in Supp. of Pl.'s Mot. For Att'ys' Fees ("Pearl Decl.") ¶ 9.  The cases

3

plaintiff cites, however, are not directly analogous to this case, because they involve different or more complex claims and/or attorneys of different experience associated with different-sized firms.[2]  Analogous case law suggests that a somewhat lower rate may be appropriate.  See Schueneman v. 1st Credit of America, LLC, 2007 WL 1969708, at *3 (N.D. Cal.) (reducing by $25 the requested rate in a consumer debt collection practices case and awarding $300 per hour to an attorney with five years in the field and an additional fourteen years litigation experience); Defenbaugh v. JBC & Assoc., Inc., 2004 WL 1874978, at *5-*7 (N.D. Cal.) (in consumer debt class action, awarding fees of $435 per hour to attorney with over twenty years practice experience, and awarding $400 per hour to an attorney with slightly less practice experience).

The purpose of awarding fees is to encourage vigorous enforcement of civil rights and consumer-protection laws by competent counsel.  See Tolentino v. Friedman, 46 F.3d 645, 652-53 (7th Cir. 1995) (citing Student Public Interest Research Group v. AT & T Bell Laboratories, 842 F.2d 1436, 1449 (3d Cir. 1988); see also Corder v. Gates, 947 F.2d 374, 383 (9th Cir. 1991).  This case did not involve particularly complex legal issues.  While defendants' intransigency

---

[2] Similarly unhelpful is defendants counsel's provision of evidence of attorneys' rates on a national and statewide basis, without any area of law specificity.  See Decl. of Kurt W. Melchior in Resp. to Pl.'s Mot. For Att'ys' Fees ("Melchior Decl.") ¶ 21; Req. for Judicial Notice of Decl. of Alan Charles Dell'Ario ("Dell'Ario Req.").

4

protracted the litigation process,[3] such difficulty is accounted for by compensating counsel for the many hours expended.  Although plaintiff's counsel might be awarded $525 per hour in an appropriate case, I find that a rate of $450 per hour for Mr. Ogilvie and $400 per hour for Ms. Brewer[4] is reasonable and appropriate in this case.[5]

I further conclude that the total hours billed by plaintiff's counsel are not excessive, with one exception.  Although the total amount of work conducted is perhaps more than should be expected for a case such as this, that is partly the result of defendants' dilatory litigation tactics.  Moreover, many of the charges identified by defendants as

---

[3]   During the discovery process, defendants were noticeably reluctant to produce information and documents to plaintiffs, forcing plaintiff to file several motions to compel production of discovery information (see Docket no's 51, 71), which required multiple telephonic and in-person discovery conferences to resolve (see Docket no's 63, 78, 80). See also Supplemental Decl. of Andrew J. Ogilvie in Supp. of Pl.'s Mot. For Att'ys' Fees ("Supp. Ogilvie Decl.") ¶¶ 5, 6, 14.

[4]   The differential between Mr. Ogilvie's rate and Ms. Brewer's rate is justified by the fact that Ms. Brewer has six years less experience than Mr. Ogilvie, and because of the limited involvement of Ms. Brewer in this case.  Ms. Brewer only worked twenty-six and one-half hours on this case, on non-complex matters, making it clear to me that her services were not particularly central to this case.

[5]   Defendants also contest counsel's billing of all hours at a partner rate.  Defendant's Opposition to Plaintiff's Attorney Fee Motion ("Def.'s Opp.") at 12.  However, plaintiff's counsel do not have any associates that could have worked on this case.  Decl. of Andrew J. Ogilvie in Supp. of Pl.'s Mot. for Att'ys' Fees ("Ogilvie Decl.") ¶ 9.  Defendants do not provide any authority, and I know of none, for their proposition that "associate level work" performed by a partner should be billed at an associate rate, even when no associate is available.  Therefore, I decline to reduce the rate for work that could have been performed by an associate.

excessive have been shown in plaintiff's reply brief to have been justified.[6]  See, e.g. Supp. Ogilvie Decl. ¶ 9.

It appears, however, that plaintiff's counsel bills in quarter-hour increments rather than in a more precise measure of time.  The Ninth Circuit has affirmed an across-the-board reduction of attorneys' fees when services were billed on a quarter-hour basis without proper specificity.  See Welch, 480 F.3d at 948-49.  Plaintiff's record of hours worked is replete with quarter-hour, half-hour, and three-quarter-hour charges for review of correspondence, telephone calls, and emails that may have taken less time.  See Ex. 1 to Ogilvie Decl.  Because of this excessive billing practice, I find that an across-the-board reduction of five percent of plaintiff counsel's requested hours is appropriate.  See, e.g. Welch, 480 F.3d at 948-49 (affirming an across-the-board reduction of twenty percent where quarter-hour billing resulted in inflated hours).[7]

Defendants also attack some of plaintiff's billed work as

---

[6]  For example, although defendants cite the billing of five and one-half hours for attending a case management conference, defendants knew that the reason for this was that both parties were required by Judge Wilken to arrive at court by 1:30 p.m., and were required to stay until 5:30 p.m. because their matter was the last item on calendar.  Supp. Ogilvie Decl. ¶ 9.  Moreover, defendants admit that they spent almost the same number of hours on this case as plaintiffs.  Decl. of Regina J. McClendon in Opp. To Pl.'s Mot. For Att'ys' Fees ("McClendon Decl.") ¶ 28.

[7]  Defendants' request for an hour reduction for travel time is also unsupported.  Defendants do not provide any support, and I know of none, for their claim that travel time is customarily billed at fifty percent by attorneys in the San Francisco Bay Area, and that plaintiff counsel's travel hours should be reduced accordingly.  I decline to make an hour reduction for time partially spent traveling.

6

clerical tasks that should be compensated at a reduced rate. It is inevitable that attorneys will spend some of their time on quasi-clerical tasks.  Here, that time is minimal. Plaintiff has provided sufficient detail to satisfy me that the hours alleged to be clerical can indeed be billed at the standard attorney rate.

Lastly, defendants contest plaintiff's request for a fee enhancement for all hours worked on plaintiff's California Identity Theft Statute claim.  Plaintiff requested a multiplier of 2.0 for the twenty-eight hours spent working on this claim.  Pl.'s Mot. for Att'ys' Fees at 13.  Although this Court may not grant a fee enhancement under federal fee-shifting statutes, see, e.g., City of Burlington v. Dague, 505 U.S. 557, 566-67 (1992), California courts allow for fee enhancements.  See Ketchum v. Moses, 24 Cal. 4th 1112, 1136-38 (2001) (allowing for fee enhancements to compensate for contingent risk, exceptional skill, or other factors). However, the court in Ketchum emphasized the trial court's discretion in choosing whether to award a fee enhancement, and affirmed that the party seeking the enhancement bears the burden of proof.  Id. at 1138.  In this case, plaintiff's counsel have not shown that the California Identity Theft Statute was particularly risky.  Moreover, plaintiff's counsel only spent twenty-eight hours, out of 353.25 hours total, working on the California Identity Theft Statute claim. Ogilvie Decl. ¶ 30.  This indicates that the claim was neither risky nor particularly important to plaintiff's case.  For these reasons, I decline to award a fee enhancement for hours

spent pursuing the California Identity Theft claim.

For the above-stated reasons,[8] I hereby **ORDER** that plaintiff's motion for attorney's fees be **GRANTED IN PART and DENIED IN PART** as follows:

(1) That plaintiff be awarded fees of **$149,825** as set forth in the attached schedule.

(2) That plaintiff be awarded costs of **$5,954.16**.

Dated: August 2, 2007

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\SMITH\FEE.ORDER.wpd

---

[8] Because I have not relied on any of the contested elements of the Declaration of Kurt Melchior, nor of defendants' Request for Judicial Notice of the declaration on Alan Charles Dell'Ario in making my decision, defendants' objections thereto are **OVERRULED** as moot.

8